UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE LAMAR WILBURN,<br><br>    Petitioner,<br><br>    v.<br><br>KATHLEEN ALISON,<br><br>    Respondent. | Case No.  2:22-cv-01947-DJC-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS<br><br>ECF No. 15 |

    Petitioner Terrence Lamar Wilburn, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondent has moved to dismiss it as time-barred.  ECF No. 15.  I agree and recommend dismissal on that basis.

    No habeas rule specifically applies to motions to dismiss.  *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes.").  The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however.  *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1991).  Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

    Respondent argues that this petition was not timely filed.  Petitioner's conviction was finalized on August 25, 2020—after the sixty-day period to seek direct review passed without a filing from petitioner.  ECF No. 16-5; *see Stancle v. Clay*, 692 F.3d 948, 951 (9th Cir. 2012) (noting the sixty-day appeal period).  Under the Anti-Terrorism and Effective Death Penalty Act

("AEDPA"), petitioner had until August 26, 2021, plus any applicable tolling, to file his federal habeas petition.

Properly filed state habeas petitions toll the one-year statute of limitations period. 28 U.S.C. § 2244(d)(2). Petitioner has filed six state habeas petitions, but only the fourth, fifth, and sixth are relevant. The first three were filed before his conviction was finalized.[1]

Petitioner's fourth state habeas petition was filed in the Sacramento County Superior Court on August 25, 2021. ECF No. 16-11 at 8. The petition was denied on October 21, 2021. ECF No. 16-13 at 5. The fifth habeas petition was filed in the California Court of Appeal on December 26, 2021, ECF No. 16-14 at 9, and denied on February 25, 2021, ECF No. 16-15. The last state petition was filed in the California Supreme Court on July 25, 2022, ECF No. 16-16, and denied on August 24, 2022, with a citation to *In re Miller*, 17 Cal. 2d 734, 735 (1941), and a notation that the court would not entertain repetitive claims. ECF No. 16-17.

Respondent correctly argues that 364 days elapsed between August 26, 2020, the day after petitioner's conviction was finalized, and August 25, 2021, when his fourth habeas petition was filed. Respondent is also correct that petitioner is entitled to 185 days of tolling for the fourth and fifth petitions—August 25, 2021, through February 25, 2022. Petitioner is not entitled to any tolling for the pendency of the sixth petition, however, because it was not properly filed. Whether a petition is properly filed depends on the rules and laws of the relevant state court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005). Repetitive or successive petitions are not properly filed for the purposes of AEDPA's statute of limitations. *See Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("For tolling to be applied based on a second round, the petition cannot be

---

[1] Although petitioner was initially convicted in April 2017, the state Court of Appeal remanded the matter in September 2019 to permit the trial court to exercise its discretion to strike the recidivist enhancement. ECF No. 16-2. Thus, petitioner's conviction was only finalized in August 2020, and the three petitions filed before that date have no bearing on the timeliness analysis. *See Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (noting that the first state habeas petition was filed and denied before the date of effective conviction and, thus, "[a]lthough its filing would otherwise have tolled the running of the federal limitations period, since it was denied before that period had started to run, it had no effect on the timeliness of the ultimate federal filing").

1  untimely or an improper successive petition."). Thus, petitioner had until February 26, 2022, to
2  file his federal petition. He did not file his federal petition until October 18, 2022, and it is
3  untimely.
4        In his opposition, plaintiff argues that California's procedural rules are not adequately and
5  consistently applied and that he is entitled to tolling for the petition that the California Supreme
6  Court rejected as successive.² ECF No. 19 at 9-10. This argument is unpersuasive. *See Zepeda*
7  *v. Walker*, 581 F.3d 1013, 1018 (9th Cir. 2009) ("Supreme Court precedent indicates that whether
8  a condition to filing is firmly established and regularly followed is irrelevant. Instead, where a
9  state court rejects a petition for failure to comply with conditions of filing, that is the end of the
10 matter.") (internal citations and quotation marks omitted).
11       Petitioner also argues that he should be entitled to equitable tolling because of the Covid-
12 19 pandemic, which necessitated quarantines at the Sacramento County Jail from February 27,
13 2020, to August 4, 2020, and again from January 3, 2022, to May 3, 2022. ECF No. 19 at 10. As
14 respondent points out, however, petitioner was able to file state habeas petitions, namely the
15 fourth and fifth, during the relevant limitations period. Indeed, his fourth petition runs to 213
16 pages with attached exhibits that include portions of the reporter's transcript of his arraignment.
17 ECF No. 16-11 at 81. Thus, his argument that he could not have filed a timely federal petition
18 because of limited pandemic access to the law library, writing implements, or legal documents is
19 unpersuasive.
20       Accordingly, I recommend that respondent's motion to dismiss ECF No. 15, be
21 GRANTED and the petition be dismissed as time-barred.
22       These findings and recommendations are submitted to the U.S. district judge presiding
23 over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the
24 service of the findings and recommendations, the parties may file written objections to the
25 findings and recommendations with the court and serve a copy on all parties. That document

---

² Petitioner refers to his habeas petitions by different numbers in his opposition. His fourth petition is referred to as his seventh petition, for instance. ECF No. 19 at 5. The listed dates confirm the same petitions are at issue, however.

3

must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: ____June 16, 2023____          _____
                                      JEREMY D. PETERSON
                                      UNITED STATES MAGISTRATE JUDGE

4